IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSANDRA ELIZABETH LYLES | : | CIVIL ACTION |
| v. | : | |
| INDIVIDUAL ASSURANCE COMPANY SOVEREIGN BANK | : | NO. 12-2731 |

FILED
MAY 22 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM

BAYLSON, J.                                                  MAY 22, 2012

    Cassandra Elizabeth Lyles filed this pro se civil action against the Individual Assurance Company and Sovereign Bank. She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint without prejudice to her filing an amended complaint.

I.    FACTS

    The complaint and the attachments thereto reflect that plaintiff and her husband entered into a "Sovereign Bank Loan Protection Plan" agreement with Sovereign Bank (the "Plan"). Individual Assurance Company serves as the Plan's administrator. It appears that the Plan allowed plaintiff and her husband to cancel the balance on a loan or a portion of the balance on a loan upon one of their deaths, subject to certain exceptions.[1]

    On July 2, 2011, plaintiff's husband, a veteran of the Vietnam war who suffered from paranoid schizophrenia, committed suicide. Plaintiff sought to cancel the balance on her loan or a

---

[1] Only a portion of the Plan is attached to the complaint.

1

portion of that balance based on her husband's death, but her claim was denied by the Individual Assurance Company because the fact that her husband committed suicide rendered her ineligible for loan cancellation under the Plan. Plaintiff contends that Individual Assurance Company erred in denying her claim because her husband's death resulted from a "service connected disability." Accordingly, she filed this lawsuit seeking $150,000 based on the defendants' alleged failure to honor the Plan.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

To the extent plaintiff brings this action pursuant to 42 U.S.C. § 1983, she has failed to state a claim because there is no suggestion that the defendants are state actors. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."); Johnson v. Orr, 780 F.2d 386, 390 (3d Cir. 1986) (for purposes of showing that a defendant acted under color of state law, "the question is whether there is a sufficiently close nexus between the State and the challenged action, or whether the state has so far insinuated itself into a position of interdependence that there is a symbiotic relationship between the actor and the state such that the challenged action can fairly be attributed to the state") (quotations and citation omitted). Nor is any other basis for a federal claim apparent from the complaint.

Although the complaint states a breach of contract claim under state law, it is not clear that the Court has jurisdiction over that claim. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). The complaint reflects that plaintiff is a citizen of Pennsylvania and that the defendants are citizens of Kansas and Pennsylvania. If that is correct, then the Court lacks jurisdiction because complete diversity among the parties is lacking. See Zambelli Fireworks

Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). However, it appears that plaintiff ascertained the defendants' citizenship based on addresses that may or may not be relevant for jurisdictional purposes.[2] Accordingly, plaintiff will be given an opportunity to file an amended complaint in the event she can establish diversity jurisdiction. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002).

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to her filing an amended complaint. An appropriate order follows.

---

[2] Assuming that Individual Assurance Company is a corporation, it is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). Assuming that Sovereign Bank is a national banking association for purposes of 28 U.S.C. § 1348, it is a citizen of "the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). If either of those assumptions is incorrect, different rules will apply for determining the defendants' citizenship.